UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUIS ENRIQUE AVALOS-MONTANEZ, | ) |
| Petitioner, | ) |
| vs. | ) Case No: 4:11CV1962HEA |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Luis Enrique Avalos-Montanez's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, [Doc. No. 1]. The United States of America has responded to the motion, pursuant to the Court's Case Management Order.

## PROCEDURAL HISTORY

On June 25, 2010, a Grand Jury indicted Movant charging him with one count of conspiracy to possess with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1).

On September 3, 2010, Movant appeared before this Court for a change of plea hearing. Movant admitted the violation and on January 24, 2011, the Court sentenced Movant to a term of imprisonment of 87 months. Movant did not appeal his conviction.

Movant filed this Motion for Post-Conviction Relief pursuant to Title 28 U.S.C. Section 2255 on November 9, 2011.

## CLAIM FOR RELIEF

Movant has raised a single ground for post-conviction relief: Counsel was ineffective in: that counsel mislead Movant with the statement that he would likely receive a five year sentence for pleading guilty, that counsel was ineffective in his advice regarding accepting a plea and advising him of the evidence the government must produce if Movant went to trial.

## STANDARD FOR RELIEF UNDER 28 U.S.C. 2255

A federal prisoner seeking relief from a sentence under 28 U.S.C. § 2255 on the ground "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255. In order to obtain relief under § 2255, the movant must allege a violation constituting "'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised collaterally in a § 2255 motion "unless a petitioner can demonstrate (1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

## **DISCUSSION**

**RIGHT TO EVIDENTIARY HEARING**

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (alteration in original) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle [the movant] to relief.'" *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions

3

upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)). Since the Court finds that Movant's claim can be conclusively determined based upon the parties' filings and the records of the case, no evidentiary hearing will be necessary.

### Standard for Ineffective Assistance of Counsel

It is well-established that a petitioner=s ineffective assistance of counsel claim is properly raised under 28 U.S.C. ' 2255 rather than on direct appeal. *United States v. Davis,* 452 F.3d 991, 994 (8th Cir.2006); *United States v. Cordy*, 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on a defendant. *United States v. Cronic,* 466 U.S. 648, 658 (1984); *United States v. White,* 341 F.3d 673, 678 (8th Cir.2003). To prevail on an ineffective assistance of counsel claim, a convicted defendant must first show counsel=s performance Afell below an objective standard of reasonableness.@ *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The defendant must also establish prejudice by showing Athere is a reasonable probability that, but for counsel=s unprofessional errors, the result of the proceeding would have been different. *Id.*, at 694.

Both parts of the *Strickland* test must be met in order for an ineffective assistance of counsel claim to succeed. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir.), *cert. denied,* 546 U.S. 882 (2005). The first part of the test requires

4

a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Review of counsel's performance by the court is "highly deferential," and the Court presumes "counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The court does not "second-guess" trial strategy or rely on the benefit of hindsight, *id.,* and the attorney's conduct must fall below an objective standard of reasonableness to be found ineffective, *United States v. Ledezma-Rodriguez,* 423 F.3d 830, 836 (2005). If the underlying claim (i.e., the alleged deficient performance) would have been rejected, counsel's performance is not deficient. *Carter v. Hopkins,* 92 F.3d 666, 671 (8th Cir.1996). Courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.*

The second part of the *Strickland* test requires that the movant show that he was prejudiced by counsel's error, and "that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Anderson,* 393 F.3d at 753-54 (quoting *Strickland,* 466 U.S. at 694). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694. When determining if prejudice exists, the court "must consider the totality of the evidence before the judge or jury." *Id.* at 695; *Williams v. U.S.,* 452 F.3d 1009, 1012-13 (8th Cir. 2006).

The first prong of the *Strickland* test, that of attorney competence, is applied in the same manner to guilty pleas as it is to trial convictions. The prejudice prong, however, is different in the context of guilty pleas. Instead of merely showing that the result would be different, the defendant who has pled guilty must establish that Athere is a reasonable probability that, but for counsel=s errors, he would not have pleaded guilty and would have insisted on going to trial.@ *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Matthews v. United States*, 114 F.3d 114.

Movant=s claims regarding counsel=s advice is belied by the record. Movant advised the Court, in open court and under oath, that he was fully satisfied with the work his lawyer had done for him. When asked if there was anything he wanted his lawyer to do that he failed to do, Movant advised the Court in the negative. The Court specifically asked Movant if anyone had given him any prediction or promise as to exactly what his sentence would be from the Court. Movant categorically denied any predictions or promises under oath and he specifically indicated that he understood that the sentence imposed was entirely within the authority of the Court. Likewise, when asked if there was anything at all that Movant wanted from his lawyer, Movant denied same. Movant's claim now that counsel failed is a crystal clear attempt to avoid the consequences of the crime to which Movant voluntarily entered a guilty plea.

6

As Respondent correctly argues, even assuming *arguendo* any erroneous prediction from counsel, Movant cannot satisfy the prejudice prong of the *Strickland* standard in a guilty plea context. Movant must establish that but for counsel's performance, there is a reasonable probability the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. "[E]ven if defense counsel's performance was somehow deficient by giving [Movant] a faulty sentencing prediction, [Movant] cannot establish that but for this error, he would not have pleaded guilty, but instead proceeded to trial. He was given all of the relevant information, and chose to plead guilty anyway. [Movant] therefore cannot establish *Hill* prejudice. 474 U.S. at 59, 106 S.Ct. 366." *U.S. v. Davis*, 508 F.3d 461, 463 (8th Cir. 2007).

## CONCLUSION

Based upon the foregoing analysis, Movant has failed to establish he is entitled to a hearing and has failed to present any basis upon which the Court may grant relief.

## CERTIFICATE OF APPEALABILITY

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues

are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. No. 1], is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this 9th day of January, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE